May it please the Court. The law of injunction in federal courts has received an awful lot of attention lately. Maybe we're going to see some reform of it. But one thing that we won't see is a changing of the law of precedent, which is what the problem was in this case. Trial courts are required to follow the text and the reasoning of courts that sit above them. Let me ask you a question. Yes, Your Honor. Mr. Kilmer, did you understand our prior opinion to join the whole statute? Yes, Your Honor. So do we need to reach the merits in this particular case? No, I don't think you do, Your Honor. I think the text was pretty clear in the mandate. If this Court had wanted to join only subsection A, I believe it would have done so. I believe we cited a case, Brockett v. Spokane-Arcane in this case. In the 1985 case, it was the U.S. Supreme Court said that courts are required to narrow their injunctive relief when striking down a statute. I'm not cynical enough to believe that this Court either ignored that or didn't know that law existed. Let me ask you another question. Can we hold that California's waived its argument regarding the severability of B in the statute? Yes, Your Honor. Well, that's what I thought you argued. Did they ever raise an interest in the privacy of minors at any point in this prior to going back to the district court? No, Your Honor. There is some mention in the legislative record. But we're not talking about legislative records. We're talking about in front of a judge. Did they ever raise it to us? No. No, Your Honor. I didn't ever think they did. And also, we're here on an intermediate scrutiny under central Hudson. We're not on a rational basis case where we're supposed to use a Ouija board to try and find out what the legislator might have meant if they could have. They didn't write that into the statute, so it's completely missing from this challenge law. My understanding was that the opinion was not sparse. I mean, I helped write it. I signed on to it. I saw that it was a good opinion. It didn't seem to me like it was at all sparse in covering all the statute. We said Section 2294980 is likely unconstitutional under the First Amendment. We reversed the district court's denial of the preliminary injunction. We didn't cite B. But our opinion treated the statute subdivisions as parts of the integral as a whole, including the advertising subdivision, division subdivision, the penalty subdivision. All those things are covered. I'm trying to figure out why we're here. I would prefer to be here as an appellee as well, Your Honor. I believe that the trial court should have read the decision in the way that you're intimating and should have challenged the state to either take their case to the U.S. Supreme Court or back to this court. So the plain text of the mandate, I believe, controls. And if the court finds that's the case, then no further analysis is necessary. It's my understanding from reading the record that the district court even questioned certifying a question to us about the scope of our opinion, but that didn't happen, right? We suggested that to the court, Your Honor, during argument in the district court, and ultimately the judge didn't pursue that. Did anybody oppose that? No, I don't believe it was opposed. In fact, I think both sides thought that it might actually be a good idea, but the judge didn't pursue that course of action. Well, I didn't mean to interrupt your argument, but I just felt like those were questions that were on my mind, and I really couldn't understand why we were back here. I share your quandary, Your Honor. Can you address the, it's a secondary issue, but the language of injunction. You wanted to modify the language used by the district court. Why isn't it enough when it says AG should provide notice to the local officials about the decision, about the law? Well, Your Honor, the Rule 65 tells us that the courts can enjoin non-parties who are either in privity or are acting in concert. We cited a case in our brief that the city attorney of Los Angeles, for example, and the AG's office, the Attorney General's office, had just recently obtained a half a million dollar settlement from a media company on this issue of a statute that actually does address minor privacy, which obviously this doesn't. So we're asking the court to actually be specific in using the language of Rule 65 to include not just the Attorney General's office, but those who he has supervisory power over and those he acts in concert with and those he acts in privity with. So we think that the injunction, that issue, should also bind county council and city attorneys. Is there any indication with respect to this case that local officials may not abide by it? No, Your Honor. We only have the one example that we cited in our brief. Well, Your Honor, I'll preserve the rest of my time and sit down. Great. Thank you. Good afternoon. This appeal is about whether the district court followed this court's mandate for further proceedings consistent with this court's ruling. The district court properly followed that mandate based on the record before it. Subdivision A of the statute and subdivision B regulate two different types of conduct. Now, just a minute. That's suggesting that it does. But let me ask you, did you ever argue, ever, prior to getting back to the district court, that there was a separate part of this statute, that the statute had separate parts, that there was somehow the statute could be severed? Did you ever argue that before getting back to district court? I have a two-part answer to that. The first part is that it was... Well, answer my question. Did you ever do it? Well, the answer to that is...  May I say why? I don't think that's relevant. I think it's pretty relevant, but I just want you to ask why did you ever do it? Because, Your Honor, it was... I'm not asking you why did you do it. Did you ever do it? Did you ever ask to sever B from the rest of the statute? It's presumptively severable, Your Honor, so it does not matter whether we argued it. Well, now, just a minute. I've got Committee to General Eros de Rondo Beach. I've got IMDB Com Inc. v. Becerra. Both of those say that when someone doesn't argue severability the first time, when they don't argue it, they waive it, and it's done, and we don't consider it again. May I explain why I don't think this issue of waiver gets to whether or not the district court abused its discretion? The district court made a decision on whether to enjoin the statute, and in that decision it said in a footnote that it was not addressing Subdivision B because the plaintiffs had made no argument about Subdivision B. Well, now, just a minute. What the district court said about no argument or argument, you, if you wanted to argue about Subdivision B, you needed to argue that it could be severed and could be sustained on its own, but you never argued that. So when it came on appeal, it was one statute. It was the total statute. Nobody argued about A or B or even the subparts, Subdivision 116, it's Division, Subdivision 1114, or the penalties. Nobody argued about that when it came to us. And so by doing that, it seems to me you waived it under our president. I disagree, Your Honor, because one plaintiff has a burden. Name me one case where a person who comes to my court and is arguing something in front of me and doesn't argue that it's a part of the statute that ought to be severed and then goes back to district court, should be able to come back and then argue that it's severed on reappeal, if you will. I think that waiver could potentially be relevant had the district court granted the injunction as to both A and B. Then it would have come before this court, and then the court had addressed it. But the fact is, this court does not appear to have considered— So what you're really arguing then, Counselor, is that you can defend a statute in front of the district court without ever talking about B. You can then argue a statute and defend that statute in front of this court without ever talking about B, never asking the district court to sever at all, never asking me to sever. But when you get the decision from me on our court, back in the district court, then you can ask it to be severed? Is that what your argument? I am arguing that, Your Honor. Where do you find a case that says that? Find me one case, because I look for it. Give me one case. If I may explain my answer in a different way. Well, I just would like a case that tells me that that's what happens. I do not know of a case, but I would like to explain my answer as to why that's okay. Okay, you can explain it, but I guess I'm bound by law. Right. And I'm bound by precedent. And part of that law is that the plaintiff has the burden of proving that they are entitled to the injunction that they're asking for. Then this court considered the constitutionality, and when it defined the statute, it clearly was only talking about the advertising regulations in Subdivision A. Then it went back to the district court, and the district court had to determine, okay, are plaintiffs entitled to it? Have they shown, based on their showing and the district court? Frankly, if I might interrupt you, they wouldn't say that B is anything but another advertising regulation. Their argument is it's the same. So they made one argument in front of me, one argument in front of the district court, all arguing that it was all a part of the same statute. The state did not one thing to stop them, did not one thing to preserve any part of the statute until they get back to the district court and don't like the decision of the Court of Appeals, and then they come up with some crazy argument like that. But the thing is plaintiffs never once did mention Subdivision B, much less tie it in any way to Subdivision A, and it was their burden to show they're entitled to an injunction of both because they regulate different conduct. That's to suggest that they should have done it if you didn't even argue that it was what it ought to be. That's to suggest that their idea of what the statute was and what they argued about it was wrong and that there was some part of it that didn't cover advertising and that you didn't need to say anything about that on appeal or in the district court the first time and the first time come up with it when it goes back to the district court the second time. That's what you're arguing to me. I think it certainly would have been preferable for everyone to have addressed this earlier. I absolutely will concede that. But I still think it is a plaintiff's burden to show their injunction they're entitled with. If the state does not bring up, or I should say any defendant, does not bring up an issue of a provision that has never been briefed or considered, obviously that makes the issue less clear and that doesn't help anyone involved. But the fact is we are where we are now, and the fact is the only subdivision that's been considered is Subdivision A. This is a preliminary injunction. This is not the end of the case. How can you say the only thing that was considered was A when we didn't cite B, yes, but the honest truth is in that opinion we cited to all of the statute. Our opinion treated the statute's subdivisions as part of the whole. We included Advertising Subdivision. We included the Definition Subdivision. We included the Penalty Subdivision. We even noted that the subdivisions work together to regulate speech. I guess I'm having a tough time understanding how you can say we did not hit the whole statute. Your Honor, Subdivision B is how certain persons use minors' private information. It is not about the speech of an advertisement itself. And when this Court defined the statute at issue, it says, it quoted Subdivision A specifically, saying that it mandates a firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors. That is how the Court defined the statute that it was considering in this case. That is the direct language of Subdivision A. Subdivision B is separate, and it relates to how minors' private information is treated, which is not at all what Subdivision A is about. But Subsection B has the same problem, which is it's a content-based restriction. It focuses specifically and only on firearms, right? Your Honor, we haven't had the opportunity to brief the merits of Subdivision B, and we think that is something that should be done in the District Court. But we think that the leading case on this would be Retail Digital Network, which would eventually lead to a central Hudson analysis, which also has not been done in the District Court, which is why it would be appropriate for revamp. Has California ever passed a law, similar so-called privacy provision, relating to a particular subject matter? Again, this is not something we've had occasion to brief, and that's not something I've personally thoroughly researched. I mean, could California pass a law, similar privacy provision law, consistent with the First Amendment, saying video game companies can't collect and use information related to minors if it involves violent video games? Because we know it may be harmful for young kids to play video games. Would that be consistent with the First Amendment? Again, Your Honor, I can't make any concessions, as in the hypotheticals, since we've not briefed it, but I think the appropriate analysis would likely be to go through the steps of, one, is it speech? And then, two, to follow Retail Digital Network. Well, two, is it commercial speech? And then, if it is, go to Retail Digital Network and follow central Hudson scrutiny to determine that. It seems like we already did that analysis in our first opinion. Your Honor, but the answers to each, because different conduct is being regulated, it's a different state interest. There's a different analysis of whether there's a direct advancement of that interest, which this Court said in the previous opinion, as to Subdivision A, would require evidence from the state, which we've not had the occasion to submit. And then there would be a new analysis of the specifics of the provision and whether it is a reasonable fit to the state's interest. So it is, it's a very specific inquiry as to the restriction itself that simply just hasn't been done here. Why? Why hasn't it been done? Yes. You knew it was gonna come up to me and to my colleagues. You knew it was something we were gonna look at. You're suggesting that it's a different subdivision, that it isn't controlled by the same. If you're really suggesting that, it seems like, to me, kind of a lame argument, well, we haven't looked at it yet, so don't do anything about it, Judge. Your Honor, I wouldn't say we haven't looked at it at all. We've certainly looked at the issue. Well, it seems to me that you ought to answer some questions. Why isn't this just like Sorrell versus IMSHL? Your Honor, in Retail Digital Network, which analyzed Sorrell, it stated that Sorrell only spoke to the question of whether, in some circumstances, the use of data may be considered speech. It doesn't go to what level of scrutiny is involved, which Retail Digital Network said. It actually said, even in the case of content and speaker-based restrictions, still would be central Hudson scrutiny. So even if the court were to find that it was speech, even if the court were to find that it's content and or speaker-based, we still would be looking at central Hudson scrutiny here. And I would say that there's been no analysis, no briefing on the merits by plaintiffs, certainly not in the district court, and hardly any at all, and most even in the reply brief in this case. So there's not been a reasonable occasion for us to certainly submit evidence, much less to full briefing on this issue. And again, plaintiffs even concede that we don't need to consider the merits of B here. And I would like to also add that... The reason they say you don't have to concede the merits is because they say, if you were going to make an argument about B, you should have made it. Well, Your Honor, I mean, I would say... I mean, it isn't that they wouldn't have done it. It's just that, come on, be fair. If you really wanted to make that argument, you should have made it long before it came back to the district court. That's what they're arguing. And that's why I took up their argument to you now. It's because I want to hear what your answer is. I'm not trying to say you're bad or that you're terrible or anything like that. I'm just trying to say, come on, what's the answer? I mean, I have never seen a case where nobody says that one part of the statute is different or that it ought to be analyzed differently or that it isn't a part of the whole and tried to sever it so that they could make that argument when somebody's moving for an injunction. I've just never found it. And then I looked all over to find, if you will, something which would cover the severance that should have been argued, and I couldn't find that. And that's why I'm asking these questions. Give me some help. Yeah, no, Your Honor, I understand. And to be frank, I don't know of another situation. I've not been involved in another situation like this. I've not seen another situation. But in these types of situations, which we haven't seen before, I think you have to revert to guiding principles. And here I think those principles are... Well, guiding principles would be, if you haven't moved to sever underneath, you're done. I disagree with that. Well, there are other guiding principles that I would like to offer. Well, that's the cases I have. Okay, well... And you can't give me another case that says it's different. Well, there are many cases saying... Well, give me one. No, there are many cases, Your Honor, there are many cases saying that plaintiff has a burden to prove that they're entitled to injunction of the scope that they seek, and that... But that should have been argued in front of the district court. If you're not going to make that argument... But we don't... But the defendant is not required to argue about a plethora of issues that the plaintiff doesn't argue. It's the plaintiff's burden to make a showing to satisfy what they're required to satisfy. Okay. And then I think another principle is simply that injunction should be narrowly drawn. And I think those should be the guiding principles here. I would just like to make sure that I have time to add that if this Court does believe that Subdivision B should be preliminarily enjoined, it should order this based on the reasoning of its prior opinion. It should decline to weigh Subdivision B on the merits or create new First Amendment law since there is no record below. And there simply... Our position is there simply has been no occasion to create a record that would be necessary to do that kind of review here. So I'm open... I'm open to additional questions, but I wanted to... If we were to say the injunction enjoins B, just like we thought it was going to in the first place, you have every right to bring that up when you have the regular case, right? Exactly, Your Honor. And that's another reason why we think if you believe it should be preliminary enjoined, it should be done on the basis of the prior opinion. And that is all the argument that we have for you today, unless you have any further questions. Great. Thank you. Thank you very much.  Just so we're clear, Your Honors, we want the whole statute enjoined, not just A and B. Part of the problem is that this statute is so internally inconsistent. Section D actually makes it impossible for my clients to even comply with Section B because it forbids my clients from even getting... or collecting age information about the people on its subscriber list. Look, the court below did not follow the reasoning of this court's Central Hudson analysis below. It's arguable that both the severance arguments and the Predicate Act doctrine are actually part of the Central Hudson commercial speech analysis when we take a look at the breadth of the... the fit between the statute and the state's purpose and, as you pointed out earlier, Your Honor, the purpose clause of B is what kills the entire statute. The purpose is still to try and reach minors about gun-related advertisements that are both lawful and truthful. And if that's what the government is trying to do with subsection B and D, it still fails under this court's original opinion. With that, if the court has no further questions, I'll submit. Great. Thank you. Thank you both for the argument, and the case has been submitted. Thank you, Your Honor.
judges: SMITH, LEE, VANDYKE